# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, <br><br>  Plaintiff <br><br> v. <br><br> B. SEITZ, et al., <br><br>  Defendants | CASE NO. 1:18-CV-0766 AWI SKO (PC) <br><br> **ORDER ON PLAINTIFF'S MOTION TO RECUSE** <br><br> (Doc. No. 11) |

This is a prisoner civil rights case brought by pro se incarcerated Plaintiff Christopher Lipsey. On December 17, 2018, Plaintiff filed a motion to recuse and/or rescind consent to a magistrate. See Doc. No. 11. In the motion, Plaintiff states that he consented to allowing a Magistrate Judge screen his complaint, as long as the Magistrate Judge was not Magistrate Judge Oberto. See id. Plaintiff states that Magistrate Judge Oberto has a n obvious bias against prisoners and issued a ruling in one of Plaintiff's other cases that found his case to be frivolous, despite three years of litigation. See id. Plaintiff also requests that his case be assigned to a different District Judge, without that different District Judge knowing of this motion to recuse. See id. Plaintiff makes this request in order to avoid the impression of retaliation or conspiracy. See id.

Generally, a judge is to recuse himself if a "reasonable with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012); see also 28 U.S.C. §§ 144, 455. However, a litigant "cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." Id. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings,*

do not constitute a basis for a bias or partiality motion unless they display a deep seated favortisim or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis added); McTiernan, 695 F.3d at 892-93. Remarks made during the course of a case that are "critical or disapproving of, or even hostile to, counsel, the parties, *or their cases*, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555 (emphasis added); McTiernan, 695 F.3d at 892-93.

Here, there is no basis to recuse or resign this matter from the dockets of either the undersigned or Magistrate Judge Oberto. The only basis for recusal that is identified is apparently a ruling by Magistrate Judge Oberto in which she concluded that one of Plaintiff's other cases was "frivolous." That is, Plaintiff has merely identified an adverse ruling against him in a prior proceeding. Plaintiff's motion does not show the type of hostility or bias that is necessary for recusal. See Liteky, 510 U.S. at 555 (emphasis added); McTiernan, 695 F.3d at 892-93.

Additionally, Plaintiff misconstrues the nature of his consent to Magistrate Judge involvement. Plaintiff's consent is necessary in order for a Magistrate Judge to conduct all proceedings in a case, including ruling on dispositive motions, conducting trial, and entering judgment. 28 U.S.C. § 636. In the absence of consent from all parties, district judges rule on all dispositive motions. Although a plaintiff is required to follow a screening order, a screening order by itself is not a dispositive order. Thus, consent, or the lack thereof, will not affect the ability of an assigned Magistrate Judge to screen a prisoner's civil rights complaint. See generally Local Rule 302.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to recuse (Doc. No. 11) is DENIED.

IT IS SO ORDERED.

Dated:   December 20, 2018                    _____
                                              SENIOR DISTRICT JUDGE