# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, Jr., <br><br> Plaintiff, <br><br> v. <br><br> B. SEITZ, et al., <br><br> Defendants. | Case No. 1:18-cv-00766-AWI-SKO (PC) <br><br> **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM** <br><br> **(Docs. 1, 10)** <br><br> **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Christophe Lipsey, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 5, 2018, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting Plaintiff leave to file a first amended complaint. (Doc. 10.) More than the allowed time has passed and Plaintiff has failed to file a second amended complaint or otherwise respond to the Court's screening order.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of*

---

[1] Plaintiff filed a motion to recuse both the District Judge and the undersigned from this action which was denied on December 20, 2018. (Docs. 11, 12.) Plaintiff's motion to recuse did not obviate his duty to timely respond to the First Screening Order.

1

*Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for both his failure to state a claim and to comply with the Court's order; alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:     **January 10, 2019**                              /s/ *Sheila K. Oberto*
                                                                                               UNITED STATES MAGISTRATE JUDGE