UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>B. SEITZ, et al.,<br><br>            Defendants. | Case No.: 1:18-cv-00766-AWI-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIM FOUND COGNIZABLE**<br><br>(Doc. 21)<br><br>21-DAY DEADLINE |

       Plaintiff Christopher Lipsey, Jr., an inmate proceeding *pro se* and *in forma pauperis*, alleges that the defendants retaliated against him in violation of the First Amendment and denied him access to the courts.[1] (Doc. 21.) Plaintiff states a cognizable retaliation claim against Defendant B. Seitz; however, he fails state cognizable access to court claims against the remaining defendants. Therefore, the Court ORDERS Plaintiff to either file a third amended complaint curing the deficiencies in his pleading OR, in the alternative, notify the Court that he wishes to proceed only on his retaliation claim against B. Seitz and to dismiss his remaining claims and defendants.[2]

---

[1] Plaintiff's filing of his second amended complaint, (Doc. 21), suffices to discharge the Court's order to show cause why this action should not be dismissed for Plaintiff's failure to comply with the Court's screening order, (Doc. 19).

[2] In its second screening order, the Court stated that it would grant Plaintiff only one additional opportunity to amend his pleading. (Doc. 18 at 1.) However, since Plaintiff states a cognizable claim here, the Court grants this one additional opportunity.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II. PLEADING REQUIREMENTS**

**A. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211. Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Generally, the failure to exhaust is an affirmative defense that the defendant must plead

3

and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) "[i]n the rare event that a failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden." *Id.*

## IV. DISCUSSION

### A. Plaintiff's Factual Allegations

In Claim I, Plaintiff states he was transferred from California State Prison, Corcoran (COR), to High Desert State Prison (HDSP) in March or April of 2018. (Doc. 21 at 4.) Plaintiff's property was transferred with him to HDSP. (*Id.*) Plaintiff was later transferred back to COR to attend court in Hanford, but his property was left at HDSP. (*Id.*) Plaintiff sent multiple requests to Defendant-Correctional Sergeant B. Seitz for return of his property. (*Id.*). Seitz told other correctional sergeants at Kern Valley State Prison (KVSP) that until he received a court order, he would not return Plaintiff's property, and that if Plaintiff "continued to pester," his property would "come up missing or damaged." (*Id.*). Plaintiff received his property back in August of 2018 at the "urging of [a] deputy attorney general," (*Id.* at 5; Doc. 14 at 18). Plaintiff alleges that, because he complained about his property, Seitz dumped coffee on his Torah and broke his television. (Doc. 21 at 4; Doc. 14 at 18-19.)

In Claim II, Plaintiff alleges that he has filed several administrative appeals, including regarding his retaliation claim against Sergeant Seitz, for which he has not received a response. (Doc. 21 at 5.) Plaintiff filed independent complaints against the coordinators who handled his prior appeals, including Defendants M. Chappuis, C. Hunrah, and A. Wannamaker. (*Id.*) Under this claim, Plaintiff also names as defendants J. Quam, correctional counselor, and S. Kernan, former secretary of the California Department of Corrections and Rehabilitation (CDCR), whom he claims are also responsible for not processing or acknowledging his appeals. (*Id.* at 3, 5.)

### B. Plaintiff's Claims for Relief

#### 1. Claim I: Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, the plaintiff must allege that he engaged in protected activity. *Id.* For example, filing

an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable retaliation claim against Defendant Seitz. Plaintiff alleges that he engaged in protected conduct, i.e., that he submitted grievances regarding the withholding of his property, and that Seitz knew about this conduct, i.e., Seitz threatened him for complaining about the property. (Doc. 21 at 4; Doc. 14 at 18-19.) Plaintiff further alleges that Seitz spilled coffee on his Torah and damaged his television because he submitted these grievances, chilling future First Amendment activities. (Doc. 21 at 4.) Such actions do not advance a legitimate penological purpose. Plaintiff thus states a viable retaliation claim under the First Amendment.

        a. Bane Civil Rights Act

Plaintiff also bring his retaliation claim under the Bane Civil Rights Act, California Civil Code § 52.1 (Bane Act).[3] (Doc. 21 at 4.) "In relevant part, § 52.1 provides a cause of action for interference or attempted interference 'by threat, intimidation, or coercion' with the 'exercise or enjoyment' of rights under the federal Constitution." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018). As described above, Plaintiff alleges that Defendant Seitz interfered, or attempted to interfere, by threat and/or intimidation with his conduct protected by the First Amendment. Therefore, Plaintiff states a cognizable claim under the Bane Act.

---

[3] Plaintiff also cites the Administrative Procedure Act (APA). (Doc. 21 at 4.) However, the APA is irrelevant to Plaintiff's claim; thus, the Court disregards its reference.

b. Administrative Exhaustion

Plaintiff admits that he has failed to exhaust administrative remedies with respect to his retaliation claim. However, Plaintiff alleges that he filed administrative grievances in September and October of 2018, but never received a response. (Doc. 21 at 5.) There is therefore an open question regarding whether Plaintiff had an administrative remedy that was available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) ("An inmate … must exhaust available remedies, but need not exhaust unavailable ones.") The Court need not decide this matter here, since administrative exhaustion is an affirmative defense that the defendants must prove. *See Albino*, 747 F.3d at 1166.

2. Claim II: Denial of Access to Courts

Inmates have a fundamental, constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 350 (1996). To establish a claim of denial of access to courts, a prisoner must allege an "actual injury," i.e., that an official frustrated or hindered her efforts to pursue a legal claim. *Id.* at 351. The injury requirement, though, "is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Rather, the types of legal claims protected are limited to direct criminal appeals, habeas petitions, and civil rights actions brought under section 1983 to vindicate basic constitutional rights. *See id.* (citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis omitted).

Access to courts claims generally fall into two categories: (1) Claims arising from an official frustrating a plaintiff from preparing and filing a lawsuit in the present, i.e., a forward-looking claim, or (2) claims arising from an official causing the loss of a meritorious claim that can no longer be pursued, i.e., a backward-looking claim. *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002). Whether a prisoner asserts a forward- or backward-looking claim, he must show that his underlying claim or litigation is nonfrivolous or arguable. *See Christopher,* 536 U.S. at 415.

Plaintiff does not state a cognizable access to courts claim. He does not allege actual injury, i.e., that Defendants have frustrated, or are currently frustrating, a protected legal claim.

*See Lewis*, 518 U.S. at 351, 354-55. To the extent that Plaintiff bases his access to courts claims on Defendants' alleged failure to respond to his administrative appeals, the Court notes that such appeals are not "protected" legal claims. *See id.* at 354. Prisoners do not have a constitutional right to specific administrative grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93 (2006). However, as explained above, Plaintiff's allegations regarding his administrative appeals, and whether an administrative remedy was available, *are* relevant to whether he is required to exhaust his retaliation claim.

## V. CONCLUSION AND ORDER

For the reasons provided above, **within 21 days**, Plaintiff may file a third amended complaint OR, in the alternative, notify the Court that he wishes to proceed only his retaliation claim against B. Seitz and to dismiss his remaining claims and defendants. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal of this case. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with the opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a third amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** from the date of service of this order, Plaintiff must file **one of the following three items**:
    a. a third amended complaint curing the deficiencies identified in this order, OR
    b. a notice that he does not wish to file a third amended complaint and instead wishes to proceed only on his retaliation claim against Defendant B. Seitz and

7

to dismiss his remaining claims and defendants, OR

    c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claim found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:   **December 13, 2019**              /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE