UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>               Plaintiff,<br><br>   v.<br><br>B. SEITZ, et al.,<br><br>              Defendants. | Case No. 1:18-cv-00766-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS S. KERNAN AS A DEFENDANT**<br><br>(Doc. 26)<br><br>14-DAY DEADLINE |

      On December 13, 2019, the Court screened Plaintiff's second amended complaint (Doc. 21) pursuant to 28 U.S.C. section 1915A and found that it states a cognizable retaliation claim against B. Seitz, but fails to state cognizable claims against the remaining defendants. (Doc. 23.) Accordingly, the Court ordered Plaintiff to file a third amended complaint curing the deficiencies in his pleading or, alternatively, notify the Court that he wishes to proceed only on his retaliation claim against Seitz and to dismiss his remaining claims and defendants. (*Id.*)

      On February 10, 2020, Plaintiff filed a third amended complaint, naming Seitz, S. Kernan, and R. Diaz as defendants. (Doc. 26.) The Court finds that Plaintiff states cognizable claims against Seitz under section 1983, and against Seitz and Diaz under the Bane Act, but not against Kernan under either claim. Given Plaintiff's three opportunities to amend his pleading, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that Kernan be dismissed as a defendant.

# I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

# II. PLEADING REQUIREMENTS

## A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation under Section 1983

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Personal- versus Official-Capacity Suits

Generally, plaintiffs can sue a governmental actor in his personal or official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). When a plaintiff names a state actor in his personal capacity, the suit "seek[s] to impose personal liability upon … [the] official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To establish personal liability in a section 1983 case, the plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166 (citation omitted).

On the other hand, when a plaintiff names a state actor in her official capacity, the suit "represent[s] … another way of pleading an action against an entity of which [the] officer is an agent." *Id.* at 165 (internal quotation marks and citation omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

## III. DISCUSSION

### A. Plaintiff's Factual Allegations

Plaintiff alleges he was transferred from California State Prison, Corcoran (CSP-COR), to High Desert State Prison (HDSP) in mid-April 2018. (Doc. 26 at 3.) Plaintiff was then transferred back to CSP-COR and placed in administrative segregation (ad-seg) while awaiting a court hearing, but his property was left at HDSP. (*See id.*) Plaintiff complained about being kept in ad-seg without his property. (*Id.* at 3-4.) Plaintiff was then transferred to Kern Valley State Prison (KVSP). (*Id.* at 4.) Plaintiff informed KVSP staff that Correctional Sergeant B. Seitz would not return Plaintiff's property "unless he was endorsed to KVSP or received a court order." (*Id.*) A correctional sergeant at KVSP then informed Plaintiff that Seitz warned him to "quit complaining or his property will be destroyed." (*Id.*) Plaintiff continued to file appeals regarding his property and requested that the "Department of Justice call B. Seitz" because he had a deadline in another civil matter. (*Id.*) Seitz responded by saying Plaintiff's "property will be destroyed a week later." (*Id.*) When Plaintiff received his property, his television was broken, and his Torah had coffee spilled on it. (*See id.*)

### B. Plaintiff's Claims for Relief

#### 1. <u>Claim I: Retaliation under the First Amendment and Section 1983</u>

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, the plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation

omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable retaliation claim under the First Amendment against Defendant Seitz. Plaintiff alleges that he engaged in protected conduct, i.e., that he submitted inmate appeals regarding the withholding of his property, and that Seitz knew about such conduct, i.e., that Seitz threatened him for complaining. (Doc. 26 at 4; *see also* Doc. 21 at 4; Doc. 14 at 18-19.) Plaintiff further alleges that Seitz spilled coffee on his Torah and damaged his television because he submitted these appeals, chilling future First Amendment activities. (Doc. 26 at 4; *see also* Doc. 21 at 4.) Such actions obviously advance no legitimate penological purpose. Plaintiff thus states a viable retaliation claim under the First Amendment and section 1983.

2. <u>Claim II: Retaliation under the Bane Civil Rights Act</u>

Plaintiff also bring his retaliation claim under the Bane Civil Rights Act, California Civil Code § 52.1 (Bane Act). (*See* Doc. 26 at 4.) "In relevant part, § 52.1 provides a cause of action for interference or attempted interference 'by threat, intimidation, or coercion' with the 'exercise or enjoyment' of rights under the federal Constitution." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018). As described above, Plaintiff alleges that Seitz interfered, or attempted to interfere, by threat and/or intimidation with conduct protected by the First Amendment. Therefore, Plaintiff states a cognizable claim against Seitz under the Bane Act.

Plaintiff also names S. Kernan, former secretary of the California Department of Corrections and Rehabilitation (CDCR), and R. Diaz, current secretary of CDCR, as defendants under his Bane Act claim. (Doc. 26 at 4.) It appears that Plaintiff is attempting to state claims against both in their official capacities as the former and current secretaries of CDCR, since he specifically states that "[f]ormer secretary S. Kernan (now R. Diaz) are liable … because California law permits respondeat liability for Bane Act violations," and since he provides no allegations regarding either person's specific conduct or failures to act. (*See id.*)

Plaintiff is correct that "[g]overnment entities have respondeat superior liability for their employees' Bane Act violations." *Gant v. Cty. of Los Angeles*, 765 F. Supp. 2d 1238, 1249 (C.D. Cal. 2011) (citing Cal. Gov't Code § 815.2 and *Robinson v. Solano Cty.*, 278 F.3d 1007, 1016

(9th Cir. 2002)). However, Plaintiff may not name both Kernan and Diaz as defendants. As explained in section II.C, *supra*, a suit against a state officer in her official capacity is treated as a suit against the entity she represents. In fact, should an officer resign or die pending resolution of an official-capacity suit, the officer will automatically be substituted for her successor in office. *Kentucky*, 473 U.S. at 166 n.11 (citations omitted); Fed. R. Civ. P. 25(d). Thus, it is redundant and improper to name both Kernan and Diaz as official-capacity defendants in the same action. Because Diaz, as the current secretary of CDCR, is the proper official-capacity defendant in this case, the Court recommends that Kernan be dismissed.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that S. Kernan be **DISMISSED** as a defendant. Because Plaintiff has had three opportunities to amend his pleading, the Court finds that further amendment would be futile. *See Akhtar*, 698 F.3d at 1212-13.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE