UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>B. SEITZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00766-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>(Doc. 20)<br><br>21-DAY DEADLINE |

## I. INTRODUCTION

Plaintiff Christopher Lipsey, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983 and California Civil Code section 52.1 (Bane Act). (*See* Docs. 9, 26.) In his third amended complaint, Plaintiff names B. Seitz, S. Kernan, and R. Diaz as defendants. (Doc. 26 at 2-3.) On February 13, 2020, the Court issued findings and recommendations to dismiss Kernan as a defendant, but allowed Plaintiff's claims against Seitz and Diaz to proceed. (Doc. 27)

Before the Court is Plaintiff's motion for a preliminary injunction. (Doc. 20.) Plaintiff requests that the Court order the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to (1) process an administrative appeal by Plaintiff, (2) make emergency amendments to Title 15 of the California Code of Regulations regarding inmate appeals, (3) establish new procedures for inmate appeals, and (4) "release all appeals from … 2018 … to the

third level" of review. (*Id.* at 12-13.) Plaintiff contends that current regulations violate the California Administrative Procedure Act, and that prison officials misuse current procedures to "systematically" and "intentionally prevent [inmate] complaints from being fully investigated and placed in CDCR staff personnel files." (*See id.* at 2-3.)

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Plaintiff does not show that he is likely to succeed on the merits or that he will suffer irreparable harm if the Court denies his requested relief. With respect to the merits, Plaintiff provides no grounds for his claim that Title 15 violates the state Administrative Procedure Act. Furthermore, under the federal Constitution, plaintiffs do not have a right to specific inmate grievance procedures. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted).

Plaintiff's arguments regarding the inadequacies of CDCR's grievance procedures may be relevant to whether Plaintiff must exhaust administrative remedies, *see Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016); he may raise these arguments in response to a motion for summary judgment by defendants for failure to exhaust. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("defendants must produce evidence proving failure to exhaust … to carry their burden"). However, Plaintiff does not have an independent right to "adequate" grievance procedures. Thus, an independent claim based on the inadequacies of CDCR's procedures will fail.

With respect to prospective harm, Plaintiff states that a prior lawsuit he had filed was dismissed based on failure to exhaust. (Doc. 20 at 6-7.) Plaintiff thus appears to imply that he will suffer harm in the future, if the Court does not order CDCR to change its grievance procedures. (*See id.* at 6.) Such potential harm, however, is too speculative to warrant a preliminary injunction. *See O'Shea v. Littleton*, 414 U.S. 488, 498 (1974) ("threat of injury … too remote to satisfy the case-or-controversy requirement"). "Issuing a preliminary injunction based only on a

possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citation omitted). Here, Plaintiff does not make that showing.

Finally, Plaintiff's requested injunction is unrelated to the claims he alleges in this lawsuit. In his third amended complaint, Plaintiff raises claims of First Amendment retaliation under section 1983 and the Bane Act. (*See* Doc. 26; *see also* Doc. 27.) Plaintiff does not challenge CDCR's grievance procedures or raise viable claims related thereto. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "Because the Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the claims in Plaintiff's motion, the Court lacks the authority to provide the injunctive relief that Plaintiff seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted).

### III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motion for a preliminary injunction (Doc. 20) be **DENIED**. These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 20, 2020**__        /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE