1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CHRISTOPHER LIPSEY, JR., | Case No. 1:18-cv-00766-AWI-SKO (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS AND TO REVOKE PLAINTIFF'S** *IN FORMA PAUPERIS* **STATUS** |
| v. | |
| B. SEITZ, et al., | |
| Defendants. | (Doc. 39) |
| | 21-DAY DEADLINE |

On May 1, 2020, Defendants filed a motion to dismiss and to revoke Plaintiff's *in forma pauperis* (IFP) status. (Docs. 39-40.) Plaintiff filed an opposition, to which Defendants filed a reply.[1] (Docs. 41, 42.) For the reasons set forth below, the Court recommends that Defendants' motion be granted in part and denied in part.

**I.   MOTION TO DISMISS**

Plaintiff's sole operative claim against Defendant Diaz is an official-capacity claim under the Bane Civil Rights Act, California Civil Code § 52.1. (Docs. 27, 31.) Defendant contends the claim is barred by the Eleventh Amendment. (Doc. 39 at 5-6.) The Court agrees.

///

---

[1] Plaintiff has filed a motion requesting permission to file a sur-reply. (Doc. 43.) Plaintiff seeks to respond to Defendants' contention that he failed to dispute that the dismissals cited by Defendants qualify as strikes under 28 U.S.C. § 1915(g). (*See id.* at 2.) Because the Court recommends that Defendants' motion to revoke Plaintiff's *in forma pauperis* status be denied, the Court will deny Plaintiff's motion to file a sur-reply as unnecessary.

When a plaintiff sues a state actor in her official capacity, the suit "represent[s] … another way of pleading an action against an entity of which [the] officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks and citation omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

"The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) (citation omitted). The doctrine of *Ex parte Young*, 209 U.S. 123 (1908), provides an exception to this general bar. Under the doctrine, "suits against an official for prospective relief are generally cognizable, whereas claims for retrospective relief (such as damages) are not." *Porter*, 319 F.3d at 483. The *Ex parte Young* doctrine, though, "only applies to suits for violations of federal law, not state law." *Black Lives Matter-Stockton Chapter v. San Joaquin Cty. Sheriff's Office*, 398 F. Supp. 3d 660, 672 (E.D. Cal. 2019) (citations omitted); *see also Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009) (affirming district court finding that the Eleventh Amendment bars "state civil rights claims [against California school districts] … in federal court").

Because Plaintiff's official-capacity claim against Diaz is essentially a claim against the state, the claim cannot be brought in federal court without violating the Eleventh Amendment. Furthermore, Plaintiff seeks only damages and "state civil penalties" in this action (Doc. 26 at 5), and his claim against Diaz arises under state law; thus, the *Ex parte Young* exception does not apply. The claim and Defendant Diaz should therefore be dismissed.

In his opposition to Defendants' motion, Plaintiff states that he "may have mistakenly put [Diaz] only in his official capacity but he is unsure…. Nevertheless Plaintiff will not elect to amend the complaint if defendants are correct and the Court agrees Plaintiff put [Diaz] only in his official capacity." (Doc. 41 at 4.) The Court notes that Plaintiff, in his operative complaint, did not specify whether he is suing Diaz in his official or his individual capacity. (*See* Doc. 26.) The Court construed the claim against Diaz as an official-capacity claim, in part, because Plaintiff provided no factual allegations regarding Diaz's actions or failures to act. (Doc. 27 at 5.) Thus, if the claim were an individual-capacity claim, the claim would still be subject to dismissal, based

1  on a failure to provide facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556
2  U.S. 662, 678 (2009) (citation omitted).

3        Plaintiff also argues that the *Ex parte Young* doctrine should apply because he has filed
4  motions for preliminary injunctions in this action. (Doc. 41 at 5-6.) However, the motions do not
5  change the fact that Plaintiff seeks only damages in his operative complaint. In any event, the
6  Court has recommended that the motions be denied. (Docs. 28, 35.)

7  **II.      MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS**

8        28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no
9  event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more
10 prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a
11 court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails
12 to state a claim upon which relief may be granted, unless the prisoner is under imminent danger
13 of serious physical injury." 28 U.S.C. § 1915(g).

14       Defendants contend that the following three cases litigated by Plaintiff count as strikes
15 under section 1915(g): (1) *Lipsey v. Norum*, No. 15-15019 (9th Cir.); (2) *Lipsey v. Court of*
16 *Appeal*, No. 2:17-cv-08985-AG-JC (C.D. Cal.); and, (3) *Lipsey v. Secretary of CDCR*, No. 2:17-
17 cv-05094-AG-GC (C.D. Cal.). (Doc. 39 at 7-10.) The Court takes judicial notice of the court
18 records in these cases.[2]

19       The Court agrees that the dismissals of *Lipsey v. Court of Appeal* and *Lipsey v. Secretary*
20 *of CDCR*, *supra*, are strikes. In *Court of Appeal*, the court denied Plaintiff's IFP application
21 because Plaintiff's complaint was frivolous and accordingly dismissed the action. This dismissal
22 counts as a strike. *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (when a "court denies the
23 prisoner's application to file the action without prepayment of the filing fee on the ground that the
24 complaint is frivolous, … and thereupon terminates the complaint," the dismissal counts as a
25 strike). In *Secretary of CDCR*, the court dismissed the action for failure to state a cognizable
26 claim and to obey a court order, after Plaintiff failed to file an amended complaint curing the
27 deficiencies in his pleading. This dismissal also counts as a strike. *See Harris v. Mangum*, 863

28 ---
[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

F.3d 1133, 1143 (9th Cir. 2017) (when a "court dismisses a complaint on the ground that it fails to state a claim, … the court grants leave to amend, and … the plaintiff then fails to file an amended complaint, the dismissal counts as a strike").

The Court does not agree that the disposition of *Lipsey v. Norum*, No. 15-15019 (9th Cir.), counts as a strike. In *Norum*, the Ninth Circuit Court of Appeals summarily affirmed the district court's denial of a preliminary injunction, stating, "[a] review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument." The Ninth Circuit has held that "[a]ppellate affirmances do not count as strikes unless the court *expressly* states that the appeal itself was frivolous, malicious or failed to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (emphasis added). Although, in *Norum*, the Ninth Circuit held that the questions raised in the appeal were "insubstantial," which suggests that that appeal was frivolous, *see Sea-Land Serv., Inc. v. Lozen Int'l, LLC.*, 285 F.3d 808, 814 (9th Cir. 2002) (defining "insubstantial" in the context of supplemental jurisdiction), such suggestion is not an explicit statement. The Court therefore finds that the affirmance in *Norum* does not count as a strike.

### III.  CONCLUSION

Based on the foregoing, the Court RECOMMENDS that:

1. Defendants' motion to dismiss and to revoke Plaintiff's *in forma pauperis* status (Doc. 39) be GRANTED IN PART and DENIED IN PART;
2. Defendant Diaz and Plaintiff's claim against Diaz be DISMISSED; and,
3. Plaintiff's *in forma pauperis* status remain.

The Court further ORDERS:

1. Plaintiff's motion to file a sur-reply (Doc. 43) is DENIED; and,
2. <u>Within 30 days</u>, Defendant Seitz SHALL file a responsive pleading to Plaintiff's operative complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, the parties may file written

4

objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 25, 2020**                              /s/ *Sheila K. Oberto*                  .
                                                                           UNITED STATES MAGISTRATE JUDGE