UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>              Plaintiff,<br><br>      v.<br><br>B. SEITZ, et al.,<br><br>              Defendants. | Case No. 1:18-cv-00766-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S THIRD MOTION FOR A PRELIMINARY INJUNCTION**<br><br>(Doc. 44)<br><br>21-DAY DEADLINE |

**I.   INTRODUCTION**

Plaintiff Christopher Lipsey, Jr., is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983 and California Civil Code § 52.1 (Bane Act). (*See* Docs. 26, 27, 31.) Plaintiff's operative claims are for retaliation based on the alleged destruction of his property by Defendant Seitz in 2018. (*See id.*)

Before the Court is Plaintiff's third motion for a preliminary injunction. (Doc. 44.) Plaintiff states that he was recently transferred from High Desert State Prison (HDSP) to Kern Valley State Prison (KVSP) for a trial in another matter. (*See id.* at 2, 3, 9.) While at KVSP, Plaintiff received a package at HDSP. (*See id.* at 1-2, 9.) Per prison policy, the package should remain at HDSP until Plaintiff's return. (*Id.* at 2.)

Plaintiff requests that the Court issue an order (1) directing Correctional Officer Seitz to send the package to Plaintiff at KVSP, (2) directing Secretary Diaz to endorse Plaintiff to a new

prison, and (3) requiring prison officials to "honor[]" Plaintiff's "ADA request" at the prison to which he is endorsed. (*Id.* at 9.)

Defendants filed an opposition to Plaintiff's motion on July 1, 2020, (Doc. 47), and Plaintiff filed a reply, (Doc. 49). For the reasons set forth below, the Court recommends that Plaintiff's motion be denied.

## II. DISCUSSION

### a. Choice of Law

Plaintiff contends that, because his Bane Act claim is under state law, the Court should consider only state law in determining whether to grant his request for a preliminary injunction. (*See* Doc. 44 at 5-6.) The Court disagrees.

"Where the underlying claim is based on state law," the Court applies state law to determine "the *applicability* of injunctive relief…. [I]n the Ninth Circuit, the *availability* of injunctive relief is a substantive issue and is therefore governed by state law." *United Nat. Maint., Inc. v. San Diego Convention Ctr. Corp.*, No. 3:07-cv-02172-AJB, 2012 WL 3861946, at *4 (S.D. Cal. 2012) (emphases added) (citations omitted). The Court also applies state law to determine whether a plaintiff has demonstrated a likelihood of success on the merits of any state-law claim(s). *See Sullivan By and Through Sullivan v. Vallejo City Unified Sch. Dist.*, 731 F.Supp. 947, 956 (E.D. Cal. 1990); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007).

Federal courts, however, "apply federal law to procedural issues." *Shayefar v. Kaleleiki*, No. 1:14-00322-HG-KSC, 2015 WL 9412111, at *12 (D. Haw. 2015) (citation omitted). Thus, the Court looks to federal "procedural jurisprudence regarding the factors to consider" in determining whether to grant a preliminary injunction. *Certified Restoration Dry Cleaning Network*, 511 F.3d at 541. "[E]ven if a[n] … injunction is permissible under state law, this Court may still exercise its discretion to deny the … injunction." *United Nat. Maint., Inc.*, 2012 WL 3861946, at *4.

### b. Analysis

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

*v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). Under federal procedural law, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *Shayefar*, 2015 WL 9412111, at *12.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' … and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

As an initial matter, Plaintiff fails to show that he will suffer irreparable harm without the requested relief. He alleges that, because he sued Correctional Officer Seitz, he "feel[s] he is going to be assaulted by B. Seitz or one of his fellow officers…. Plaintiff believe[s] the same in regards to his property." (Doc. 44 at 2.) He states that failure to receive the requested relief "can result in [his] death, severe injury and/or falsly [sic] accused of another battery." (*Id.* at 4.) Plaintiff's claims are speculative.

Plaintiff points to two prior incidents of alleged battery involving different officers, and a report from a Senate committee hearing in 2014, to support his claims. (*Id.* at 3-4, 11-13.) Such prior incidents and a committee report are insufficient to show that *he* will *likely* suffer irreparable harm if denied the requested relief. "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects…. Nor does speculation or subjective apprehension about future harm support standing." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (internal quotation marks and citations omitted). Here, Plaintiff's potential future harm is too speculative to warrant a preliminary injunction. *See O'Shea v. Littleton*, 414 U.S. 488, 498 (1974) ("threat of injury … too remote to satisfy the case-or-controversy requirement"). "Issuing a preliminary injunction based

only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citation omitted).

Second, and significantly, Plaintiff's requested injunction is unrelated to the claims in this lawsuit. In his operative, third amended complaint, Plaintiff raises First Amendment retaliation claims regarding the alleged destruction of his property in 2018. (Doc. 26; *see also* Doc. 27.) Plaintiff's claims are unrelated to the recently purchased property at issue in the current motion, and they do not involve allegations of assault, battery, threats of physical harm, or false rules violation reports. As explained above, "an injunction must be narrowly tailored … to remedy only the specific harms shown by the plaintiff[], rather than 'to enjoin all possible breaches of the law.'" *Price*, 390 F.3d at 1117 (citation omitted). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The relief that Plaintiff seeks goes well behind that to which he would be entitled if he were to succeed at trial in this case. "Because the Court only has jurisdiction over the operative claims in the Complaint, it lacks the ability to provide the relief Plaintiff seeks in the [motion for preliminary] injunction." *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted). Put another way, Plaintiff's requested relief would not remedy the wrongs alleged his complaint. *See id.*

### III.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motion for a preliminary injunction (Doc. 44) be **DENIED**. These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 24, 2020**                                      /s/ *Sheila K. Oberto*
                                                                                 UNITED STATES MAGISTRATE JUDGE