UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>B. SEITZ, et al.,<br><br>          Defendants. | No. 1:18-cv-00766-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 52) |

    Plaintiff Christopher Lipsey, Jr., is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 17, 2020, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's motion for a preliminary injunction (Doc. 30) be denied. (Doc. 35.) Plaintiff failed to file objections, and the Court adopted the findings and recommendations on June 26, 2020. (Doc. 46.)

    On August 3, 2020, Plaintiff filed a motion for reconsideration of the Court's June 26, 2020 order. (Doc. 52.) Plaintiff argues that the magistrate judge erroneously relied on federal law in recommending denial of the preliminary injunction, when he had relied on state law in his motion. See id. at 2-3. Plaintiff also provides "new evidence" regarding his claims of retaliation: he alleges that, although he had a package delivered to High Desert State Prison (HDSP) on April

21, 2020, officials at HDSP informed him they had no package belonging to him on July 7, 2020. (*Id.* at 4-5.)

First, federal law governs the procedural question of when a preliminary injunction will issue. Flood v. Clearone Communs., Inc., 618 F.3d 1110, 1117 (10th Cir. 2010); Cretified Restoration Dry Cleaning Networks, LLC v. Tenke Corp., 511 F.3d 535, 541 (6th Cir. 2007). Thus, reliance on the federal procedural law was not erroneous.

Second, Plaintiff's "new evidence" fails to show the Court erred in adopting the recommendations or provide other grounds for granting his motion for reconsideration. Plaintiff alleges that property he mailed to HDSP is now missing. (*See* Doc. 52 at 4-5.) The allegation does not show that he is, or was, likely to suffer irreparable harm in the absence of his requested relief. If Defendant indeed discarded or destroyed Plaintiff's property in retaliation for filing this lawsuit, as Plaintiff implies, Plaintiff may file a new action for damages.

Based on the foregoing, Plaintiff's motion for reconsideration (Doc. 52) is denied.

IT IS SO ORDERED.

Dated:   August 10, 2020                              /s/ signature

SENIOR DISTRICT JUDGE